*Parco-Tenesaca v. Blanche*

BIA
Bratton, IJ
A220 575 082/A240 479 386/387

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-six.

PRESENT:
      PIERRE N. LEVAL,
      STEVEN J. MENASHI,
      MARIA ARAÚJO KAHN,
          *Circuit Judges.*

_____

JUAN PABLO PARCO-TENESACA,
SHOJANA MARGOTH ARANDA-
GUANOPATIN, M.J.P.A.,

      *Petitioners*,

      v.                                 **23-8087**
                                         **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
      *Respondent.**

_____

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR PETITIONERS:          Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:       Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Micah Engler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Juan Pablo Parco-Tenesaca, Shojana Margoth Aranda-Guanopatin, and their son, natives and citizens of Ecuador, seek review of a November 22, 2023, decision of the BIA affirming, without opinion, a November 1, 2022, decision of an Immigration Judge ("IJ") denying Parco-Tenesaca's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Pablo Parco-Tenesaca, et al.*, Nos. A 220 575 082/A240 479 386/387 (B.I.A. Nov. 22, 2023), *aff'g* Nos. A 220 575 082/A240 479 386/387 (Immig. Ct. N.Y. City Nov. 1, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA affirmed without opinion, the IJ's decision is "the final agency determination." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

However, we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d). While not jurisdictional, exhaustion is a claim-processing rule that must be enforced when the Government raises it. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 419, 423 (2023) (holding that exhaustion is a "claim-processing rule" "subject to waiver and forfeiture"); *Ud Din v. Garland*, 72 F.4th 411, 419–20 (2d Cir. 2023) (holding that exhaustion is mandatory when the Government raises it and the BIA did not otherwise address the issue that was not raised on appeal). We "will not limit the petitioner to the exact contours of his argument below . . . [b]ut when an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it." *Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) (quotation marks omitted). We deny the petition because, as the Government argues, Parco-Tenesaca failed to exhaust dispositive issues.

An applicant for asylum and withholding of removal must establish either past persecution or a fear of future persecution, and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C.

§ 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (applying asylum's "one central reason" standard to withholding of removal). Moreover, "[t]o qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted). For CAT relief, an applicant "bears the burden of proving" that he "more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (quotation marks omitted); *see also* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

Despite checking a box on the notice of appeal indicating intent to file a brief, Parco-Tenesaca did not file a brief on appeal to the BIA; instead, the argument to the BIA was limited to the notice of appeal:

> Court erred in finding the Respondent incredible and that they didn't qualify for asylum with the necessary requirements. IJ wrongly found insufficient proof to corroborate the written claims contained in Respondent's asylum application. Further bases of appeal shall be set forth upon furnishing of the transcript.

4

Accordingly, the Government is correct that he did not exhaust a challenge to the IJ's findings that he failed to establish a nexus to a protected ground, that Ecuadorian authorities were or would be unable-or-unwilling-to-control the alleged persecutors, or that he would more likely than not be tortured by or with the acquiescence of public officials. *See Vera Punin*, 108 F.4th at 124; *Ud Din*, 72 F.4th at 419–20 & n.2. He has not responded to the Government's exhaustion argument by filing a reply brief and the opening brief does not acknowledge the failure to file a brief with the BIA.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5